UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHIELA PETERSON,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN WHITE; DOUGLAS WHITE; BEEHIVE STORAGE; and STORAGE CITY,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:25-cv-00878<br><br>Magistrate Judge Daphne A. Oberg |

  Shiela Peterson filed this action without an attorney and without paying the filing fee.[1] The court temporarily granted Ms. Peterson's motion to waive the filing fee and stayed the case for screening.[2] Because Ms. Peterson's complaint fails to state a plausible claim for relief under federal law, Ms. Peterson is permitted to file an amended complaint by March 10, 2026. The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 5.)

[3] (Doc. No. 2.)

**LEGAL STANDARDS**

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[4] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But a court need not accept a plaintiff's conclusory allegations as true.[8] Generally, "a plaintiff must offer specific factual allegations to support each claim,"[9] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  As explained below, the Tenth Circuit "do[es] not mandate the pleading of any specific facts in particular" for claims asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, like those presented here.  See *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1141 (10th Cir. 2024) (citation omitted).  But still, "a plaintiff must include enough context and detail" at the pleading stage demonstrating such claims are plausible and not based on "sheer speculation."  *Id.* at 1141–42 (citation omitted).

do not suffice."[10]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11]

Because Ms. Peterson proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13]  For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[14]  While courts must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[15] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[11] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

## ANALYSIS

Ms. Peterson brought this case against a storage company, its owner, and the owner's husband.[17] According to her complaint, in 2022, Ms. Peterson entered into an employment contract and rental agreement with the storage company.[18] The employment contract provided for a monthly salary, bonus, utilities reimbursement, and "housing valued at $1,500" per month.[19] The rental agreement allowed her to store her "wood shop and equipment" among other things.[20] Although she paid her rent monthly,[21] in 2023, Ms. Peterson "was terminated without cause and evicted."[22]

---

[17] (*See* Compl., Doc. No. 1.)  Ms. Peterson names as defendants Carolyn and Douglas White and two companies: Beehive Storage and Storage City.  However, throughout her complaint, Ms. Peterson refers to "Defendant" (with one reference to "Defendants"), making it difficult to understand which person or entity she is referencing at any given point.  For example, although it appears Ms. White is the storage company's owner, it is unclear if Beehive Storage and Storage City are different entities or the same entity.  (*See, e.g.*, *id.* at 2 ("Defendant is a business entity operating in Utah and was Plaintiff's employer and landlord.  Defendant's owner is married to a licensed attorney who routinely represents her in legal proceedings, including Plaintiff's unemployment hearing.").)  Given this lack of clarity, this order refers generally to the defendants or the storage company.  If Ms. Peterson decides to amend her complaint, she should better specify each defendant and explain their role and conduct.

[18] (*Id.* ¶¶ 1–2.)  Ms. Peterson does not attach the employment contract or rental agreement to her complaint.  It is unclear whether the rental agreement was part of the employment contract, or if there were two distinct contracts.  The nature of Ms. Peterson's job is also unclear.

[19] (*Id.*)

[20] (*Id.* ¶ 2.)

[21] (*Id.*)

[22] (*Id.* ¶ 3.)

4

According to the complaint, the defendants then sold her property without notice.[23] Although Ms. Peterson had a credit balance at the time, the defendants "deleted" her payments then reentered them in the accounting system after the sale.[24] They allegedly did this to justify (and profit from) seizing and selling her property.[25] Afterward, the defendants testified falsely at Ms. Peterson's unemployment hearing so they "would not have to pay an unemployment claim." [26] (Ms. Peterson's benefits claim was ultimately denied.)[27]

This case followed. Ms. Peterson asserts claims for "[d]iscrimination (Title VII)," "[r]etaliation (Title VII)," breach of contract, wrongful termination, conversion, "[f]raud and [d]eception," defamation, intentional infliction of emotional distress, "[c]onflict of [i]nterest and [d]enial of [d]ue [p]rocess," violation of Utah Code § 38-8-3, fraudulent concealment and unjust enrichment, and "[j]udicial [r]eview of [u]nemployment [d]ecision."[28] But Ms. Peterson's complaint is subject to dismissal. She fails to state a plausible claim for relief under Title VII or any other federal law.

---

[23] (*Id.* ¶¶ 6–8.)

[24] (*Id.* ¶¶ 2, 4, 14.)

[25] (*Id.* ¶¶ 4, 12–13.)

[26] (*Id.* ¶ 14.)

[27] (*Id.*)

[28] (*Id.* at 3–4.) Ms. Peterson asserts the court has federal question jurisdiction under 28 U.S.C. § 1331. (*Id.*) She also contends jurisdiction exists under 28 U.S.C. § 1343. (*Id.*) But she does not explain how § 1343 applies, nor does she assert a civil rights conspiracy claim in the complaint. *See* 28 U.S.C. § 1343 (providing district courts with original jurisdiction over conspiracy claims asserted under 42 U.S.C. § 1985).

A. <u>Title VII Claims</u>

The only federal claims Ms. Peterson brings are discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964.[29] But her complaint includes little to no detail about these claims. Presumably, Ms. Peterson bases these claims on the termination of her employment—whatever that employment may have been. As explained below, Ms. Peterson fails to allege facts sufficient to state a plausible claim for discrimination or retaliation under Title VII.

1. *Discrimination Claim*

To start, Ms. Peterson has not alleged a plausible Title VII discrimination claim. Under Title VII, employers cannot discharge an employee or otherwise discriminate against her because of "race, color, religion, sex, or national origin."[30] To state a Title VII discrimination claim, a plaintiff must "plausibly allege[] either direct evidence of discrimination or a prima facie discrimination claim."[31] Direct evidence "is evidence, which if believed, proves the existence of a fact in issue without inference or presumption."[32] For instance, "statements showing an existing policy which itself constitutes discrimination are direct evidence of discrimination."[33] Ms. Peterson does

---

[29] 42 U.S.C. § 2000e. She also brings a claim for wrongful termination, but it's unclear whether this is a Title VII claim, or a claim based on breach of contract.

[30] 42 U.S.C. § 2000e-2(a)(1).

[31] *McNellis*, 116 F.4th at 1137–38.

[32] *Id.* at 1137 (citation modified).

[33] *Id.* (citation modified).

not allege any direct evidence of discrimination by the defendants, such as a discriminatory employment policy. Instead, she alleges the defendants fired her as part of a scheme to seize and sell her property for profit.

Ms. Peterson also does not plausibly allege a prima facie claim for Title VII discrimination. Although a plaintiff need not *establish* a prima facie case for discrimination in her complaint, she must sufficiently allege the elements for a prima facie claim.[34] That is, a plaintiff must plausibly allege: "(1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination."[35] And "a plaintiff alleging wrongful termination may raise an inference of unlawful discrimination by showing that (1) she is a member of a protected class, (2) she was qualified for her job, (3) she was fired, and (4) the job was not eliminated."[36]

Here, Ms. Peterson only alleges she had an employment contract with the defendants and they terminated her without cause eleven months later.[37] She offers no further details. It is unclear what her job and qualifications were, whether the defendants fired her despite sufficient qualifications, or whether the job was eliminated

---

[34] *See id.* at 1139 (discussing a plaintiff's burden at the pleading stage to sufficiently state a plausible Title VII discrimination claim).

[35] *Id.* (citation modified); *see also Walkingstick Dixon v. Okla. ex rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 125 F.4th 1321, 1334 (10th Cir. 2025) (identifying the same basic elements for a prima facie discrimination claim under Title VII).

[36] *Walkingstick Dixon*, 125 F.4th at 1335.

[37] (Compl. ¶¶ 1–3, Doc. No. 1.)

or filled by someone else.[38]  As pleaded, Ms. Peterson's discrimination claim appears to be based solely on the fact that she is a woman who was fired.  This is insufficient to state a plausible claim for Title VII discrimination.

### 2. Retaliation Claim

Likewise, Ms. Peterson fails to allege a plausible claim for retaliation.  Under Title VII, employers cannot retaliate against an employee because she "has opposed any practice made an unlawful employment practice" by Title VII, or because she "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.[39]  A plaintiff asserting a retaliation claim must plausibly allege that: (1) she engaged in one of these protected activities, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action.[40]

---

[38] *Cf. Walkingstick Dixon*, 125 F.4th at 1336 (finding prima facie elements for Title VII discrimination claim met where a Native American woman was a member of two protected classes, was qualified for her job, was fired, and the defendant did not eliminate her job after firing her); *Good v. Qualgen, LLC*, No. CIV-25-169, 2025 U.S. Dist. LEXIS 265011, at *5–6 (W.D. Okla. Dec. 23, 2025) (unpublished) (concluding the plaintiff stated a plausible Title VII discrimination claim alleging she is a woman, was qualified for her job and received above-average performance reviews, but was terminated and replaced by a man); *Clement v. Jefferson Cnty. Sch. Dist. R-1*, No. 24-cv-02193, 2025 U.S. Dist. LEXIS 182551, at *18–19 (D. Colo. Aug. 25, 2025) (unpublished) (concluding the plaintiff's complaint stated a Title VII discrimination claim, where she alleged facts demonstrating she was qualified for the position but was fired and the position was not eliminated).

[39] 42 U.S.C. § 2000e-3(a).

[40] *See Walkingstick Dixon*, 125 F.4th at 1339; *McNellis*, 116 F.4th at 1142.

Although Ms. Peterson's termination constitutes an adverse employment action,[41] she fails to plausibly allege the first and third elements of retaliation.  She does not assert facts showing she engaged in protected activity.  For instance, nothing suggests Ms. Peterson opposed conduct she believed to be unlawful under Title VII.[42]  Nor does she allege participation in any Title VII proceeding.  Similarly, there are no facts suggesting Ms. Peterson's termination closely followed a protected activity.[43]  Instead, Ms. Peterson's termination was apparently part of a scheme to seize and sell her property.  Accordingly, as with her discrimination claim, Ms. Peterson fails to state a plausible claim for retaliation under Title VII.[44]  These claims are subject to dismissal.

---

[41] *See Walkingstick Dixon*, 125 F.4th at 1339 (explaining that an adverse employment action includes a significant change in employment status like being fired).

[42] *See id.* (explaining the term "oppose" in Title VII means to resist or antagonize, contend against, confront, resist, or withstand); *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021) (explaining that, to plead the first element, a plaintiff "need not establish that the conduct she opposed actually violated Title VII, only that she had both a subjective good faith and objectively reasonable belief that it did").

[43] *See Walkingstick Dixon*, 125 F.4th at 1339 ("A plaintiff may establish a causal connection by showing that an adverse action closely followed protected activity." (citation modified)); *see also, e.g.*, *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (explaining that one-and-a-half months between protected activity and adverse action may, on its own, demonstrate a causal connection, whereas "a three-month period, standing alone, is insufficient to establish causation").

[44] *See McNellis*, 116 F.4th at 1141–42 ("While we do not mandate the pleading of any specific facts in particular, a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides sheer speculation." (citation modified)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (explaining that the plaintiff's "general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient"—"a plaintiff should have at least some relevant information to make the claims plausible on their face").

B. <u>Other Possible Federal Claims</u>

Ms. Peterson also fails to state any other plausible federal claim for relief. In her complaint, she lists "claims for relief" without any explanation.[45] Apart from her Title VII and state law claims, she lists claims for "conflict of interest and denial of due process" and "judicial review of unemployment decision."[46] It is possible these claims relate to the unemployment hearing and denial of benefits Ms. Peterson mentions in her complaint.[47] But it is impossible to determine the factual and legal basis for these claims from the broader complaint.[48] The court will not supply additional factual allegations to round out Ms. Peterson's complaint or construct a legal theory on her behalf.[49] Accordingly, Ms. Peterson fails to state any other federal claim.

C. <u>State Law Claims</u>

Ms. Peterson's remaining claims arise under state law.[50] Because her Title VII claims should be dismissed and she fails to state a federal claim, exercising

---

[45] (Compl., Doc. No. 1 at 3–4.)

[46] (*Id.* at 4.)

[47] (*See id.* ¶¶ 10, 14.)

[48] *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (explaining that even a pro se plaintiff's "complaint cannot rely on labels or conclusory allegations" and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citations omitted)).

[49] *See Smith*, 561 F.3d at 1096.

[50] (Compl., Doc. No. 1 at 3–4.)

10

supplemental jurisdiction over her state law claims would be improper.[51]  Accordingly, Ms. Peterson's state law claims are subject to dismissal.

* * *

For these reasons, the complaint is subject to dismissal as written.[52]  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[53]  Accordingly, Ms. Peterson will be given an opportunity to amend her complaint.

## CONCLUSION

1. Ms. Peterson may file an amended complaint by **March 10, 2026**.  The words "Amended Complaint" should appear in the caption of the document.

---

[51] *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction"); *Estate of Harshman v. Jackson Hole Mt. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction."); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[52] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[53] *Kay*, 500 F.3d at 1217 (citation omitted).

2. Ms. Peterson is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[54]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[55]

4. Other than an amended complaint, the restriction on filing other documents set forth in the court's October 14, 2025 order[56] remains in place.

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 17th day of February, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[54] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect. Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

[55] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf [https://perma.cc/P5J9-A9YV].

[56] (Doc. No. 5.)